# LAW OFFICES OF CHARLES E. KUTNER, LLP

110 East Fifty-Ninth Street  25th Floor
New York, NY 10022

Tel: 212.308.0210                                                                Fax: 212.308.0213

February 3, 2014

**VIA ECF and REGULAR MAIL**

Hon. Ronnie Abrams
District Court Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re      **Claude Galland vs Charles Kutner, et al**
         14-CV-00370 (RA)

Dear Judge Abrams:

I am a defendant in the above action and senior partner for the defendant law firm and attorney for the co-defendant Bruce Friedrich, a partner in my law firm. Plaintiff Claude Galland a/k/a Claude Debs Galland has commenced the instant action pro se by claiming jurisdiction on the basis of a federal question. Specifically, plaintiff claims that the "absolute privilege" granted to statements made by litigants unfairly bars him from suing defendants in a State dental malpractice case who he believes submitted perjured affidavits in support of successful motions for summary judgment.

I write pursuant to Local Rule 7.1(d) and the Individual Rules of this Court to request a pre-motion conference for permission to file a motion under FRCP 12(b)[6] on the ground that plaintiff's complaint fails to state a cause of action as there is no plausible claim pled in the complaint. In addition, the defendants are entitled to dismissal for lack of subject matter jurisdiction on the ground that plaintiff's complaint does not involve a federal question invoking the jurisdiction of this court under 28 U.S.C. §1331.

This letter motion is submitted within the time to serve a responsive pleading pursuant to Federal Rule 12(a).  Pending the submission of this letter motion I request an extension of time to move or answer the complaint herein until such time as the court deems proper.

## BRIEF FACTUAL AND PROCEDURAL HISTORY

### 1.      The parties

The parties herein are me, my partner Bruce Friedrich, my law firm and Henry Schwartz, Esq. Together we represent defendants in a dental malpractice lawsuit (the "underlying claim") brought by Mr. Galland pending in the Supreme Court, New York County.   Mr. Friedrich and I represent

Dr. Marc Leichtung and his practice, Manhattan Dental Arts. Mr. Schwartz represents codefendant, Dr. Rakhi Morton, employed by Dr. Leichtung.

## 2.  The underlying claim

The underlying claim is for dental malpractice against Marc Leichtung, DDS d/b/a Manhattan Dental Arts and Rakhi Morton, DDS. Mr. Galland commenced the case pro se. The case, entitled *Claude Debs Galland vs Marc Leichtung Manhattan Dental Arts, Adina Carrell, DDS and Rakhi Morton, DDS,* Supreme Court, New York County Index No.114657/2007, stems from treatment Mr. Galland received at Manhattan Dental Arts from Adina Carrell DDS and Rakhi Morton, DDS between 2003 and 2006. Dr. Leichtung owns the practice and employed Dr. Carrell and Dr. Morton but was not directly involved in the treatment at issue. The case is assigned to Hon. Milton A. Tingling.

## 3.  Mr. Galland's State Claim against the dentists and their attorneys for abuse of process, perjury and fraud

In November 2013, as promised, while the dental malpractice was and is still pending, Mr. Galland commenced a separate lawsuit (the "State Claim") against me, my firm, the dentist defendants and Mr. Schwartz entitled *Claude Galland Debs vs Marc Leichtung, Marc Mordecai Liechtung, Manhattan Dental Art, Rakhi Morton, Charles Kutner, LLP and Henry Schwartz, Esq.,* Index No. 101405/13. This matter is *sub judice* before Hon. Milton A. Tingling, Supreme Court, New York County for determination of a motion to dismiss pursuant to New York CPLR § 3211(a)[7]. The State Claim alleges fraud, perjury and abuse of process.

Upon being served with State claim I wrote to Judge Tingling requesting a conference to dispose of what was obviously a frivolous lawsuit brought to punish and harass the defendants for refusing to settle the dental malpractice claim. Clearly the motivation for filing the State claim was to extort a settlement. Judge Tingling ordered a conference to dispose of the State Claim. Mr. Galland was not available to attend conference and a motion to dismiss the State claim was filed and submitted without opposition.[1] The grounds for dismissal of the state claim which Mr. Galland does not oppose are:  a) there is no private cause of action for perjury, (b) any statement of a party or his attorney in legal proceedings is subject to the absolute privilege afforded to statements made in connection with judicial proceedings[2] and, (c) no defendant or their attorney has issued any process upon Mr. Galland.  The motion to dismiss, which is annexed to Mr. Galland's complaint, also seeks costs and sanctions. Upon receipt of the motion to dismiss the state claim Mr. Debs commenced the federal claim which is the subject of this letter motion. [3]

---

[1] In his untimely answer to the state claim, Mr. Galland threatened to bring the federal claim before this court alleging that his constitutional rights have been violated by the attorneys' and their clients' refusal to settle the dental malpractice claim.  Mr. Galland's dental malpractice case is still open awaiting trial.

[2] This is alluded to in the Federal complaint as the "absolute privilege".

[3] This is not Mr. Galland's first lawsuit against me or my law firm during the pendency of his dental malpractice case. When Mr. Galland commenced his dental malpractice lawsuit it included a derivative cause of action on behalf of his wife.[3] At the first conference before Justice Tingling an attorney from my

In 2012 after discovery was complete in the malpractice case Judge Tingling referred the case to a Court Mediator, Miles J. Vigilante[4]. Not, as Mr. Galland would have the court believe because there was spoliation of evidence (there was no spoliation as a panorex radiograph requested was ultimately provided), but, to see if a settlement could be reached for this pro se litigant. In fact a settlement was reached with one of the co-defendants, Dr. Adina Carrel[5], in August 2013 after which the case was remanded back to Judge Tingling.

At the conclusion of the last mediation before Mr. Vigilante[6], after a settlement had been reached with Dr. Carrell, Mr. Galland threatened to sue the non-settling defendants and their attorneys if they did not settle. Filled with righteous indignation he told the lawyers they would be sued and their clients as well. In November 2013 Mr. Galland followed through on his threat by filing the State Claim (copy attached) against Dr. Morton, his attorney Mr. Schwartz, Dr. Leichtung, me and my law firm in which he accused the attorneys of "thumbing their noses" at Judge Tingling and Mr. Vigilante for not settling the case.[7]

## LEGAL ARGUMENTS ENTITLING THE DEFENDANTS
## TO DISMISSAL OF THE COMPLAINT UNDER RULE 12(b)[6]

### 1.      Background

At the outset, it must be noted that absent the existence of a legitimate federal question, there is nothing in the complaint that invokes the subject matter jurisdiction of this court.[8] There is no

---

office pointed out to the court that although Mr. Galland could represent himself, he could not represent his wife in the derivative action because he is not an attorney.  Judge Tingling told Mr. Galland that either his wife be present to proceed pro se or she would have to get an attorney. As a result, Mr. Debs sued my associate in Civil Court for the car fare and inconvenience he suffered as a result of his wife being made to come to court. The claim was summarily dismissed by Judge Tingling with an admonition not to engage in any further frivolous conduct.

[4] Miles Vigilante is not a Supreme Court Judge as represented by Mr. Galland. He is a paid Court Mediator in private practice.

[5] Dr. Carrell was an employee of Dr. Leichtung. Vicarious liability was conceded for her conduct.

[6] Settlement was never a consideration for the remaining defendants and, in fact, the complaint against Dr. Morton was dismissed by Order of Justice Tingling dated January 16, 2014 granting summary judgment.

[7] The motion to dismiss the State Claim was not opposed and has not been decided.

[8] A plaintiff properly invokes §1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution.  However, courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co*., 526 U. S. 574, 583 (1999). Thus "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See *Kontrick v. Ryan,* 540 U. S. 443, 455 (2004). Moreover, a claim invoking federal-question jurisdiction may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. See generally *Arbaugh v. Y&H Corp*. 546 U.S. 500, 126 S.Ct. 1235.

---

diversity nor is there any federal statute involved in the underlying state claim.[9] Mr. Galland apparently claims jurisdiction, although not pled, under 28 U.S.C. §1331. His complaint alleges in pertinent part as follows:

> The complaints states that attorneys "absolute privilege" violates basic rights with impunity. Without directive from the Federal Court, the attorneys "absolute privilege" functioned in the old days, but in our modern times it is abused to produce extreme non-compliance and extreme misconduct towards our Judges. This causes unending pre-trial [the underlying malpractice is seven years in pre-trial and to this day remains protracted] which in turn infringes on an array of common basic rights. (Complaint introductory paragraph).

In order to understand the "absolute privilege" Mr. Galland refers to it is necessary to first discuss his state claim against the attorneys and the dentists. Briefly, Mr. Galland claimed that a perjured affidavit was submitted by a co-defendant in support of a motion for summary judgment which was ultimately granted. Disappointed with the ruling Mr. Galland sued the dentists and their lawyers for perjury, fraud and abuse of process.[10]

In his federal complaint Mr. Galland expresses consternation over his inability to sue in State Court for perjury. He is dismayed by the fact that under New York law, "statements made by parties and their attorneys in the context of litigation are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *O'Brien v. Alexander,* 898 F.Supp. 162, 171 (S.D.N.Y., 1995) (citing *Grasso v. Mathew,* 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (Third Dept. 1991), *appeal dismissed,* 77 N.Y.2d 940, 569 N.Y.S.2d 613, 572 N.E.2d 54 (1991). Angered over what he believes to be an unfair legal policy with a longstanding judicial history, Mr. Galland filed the federal claim in which he apparently seeks abrogation by the federal court of the "litigant's privilege" followed in the Courts of the State of New York.

## 2.      The Federal complaint

### a.      Failure to State a Cause of Action under Rule 12(b)[6]

In determining the adequacy of a claim under Rule 12(b)[6], consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.* 945 F.2d 40, 44 (2d Cir.1991). It is respectfully submitted that the complaint which

---

[9] The civil worksheet Mr. Galland prepared for the summons indicates that jurisdiction is claimed on the basis of a federal question.

[10] The request for sanctions he refers to is for frivolous conduct under N.Y. CPLR §8303-a for his continuation of the State claim without any reasonable basis in law or fact or any god faith argument for a modification or extension or reversal of existing law that does not permit a private right of action for perjury.

---

is for the most part incoherent, and the documents appended – the defendants motion to dismiss the State Claim – do not state a claim for which relief can be granted by this court. Mr. Galland's Federal complaint sets forth four paragraphs which conceivably are meant to represent separate causes of action none of which raise a federal question under which Mr. Galland can invoke the jurisdiction of this court.

The first cause of action is for "denying solace." Mr. Galland alleges that the attorneys made misrepresentations to the court that delayed the resolution of his still pending lawsuit.[11] Notwithstanding that there is absolutely no truth to this allegation, such a claim does not raise a federal question and fails to state a cause of action

The second cause of action (Complaint Par. 2) alleges that the defense in the malpractice lawsuit "made futile motions" and there is a vague reference to spoliation of evidence.[12] Assuming, as we must, the truth of such an allegation, it does not give rise to a federal question implicating the Constitution of the United States and it fails to state a cause of action.[13]

The Third cause of action (Complaint Par. 3) appears to concern billing my client's professional liability insurance carrier for defending this lawsuit which Mr. Galland believes should have been settled despite the fact that for four years he has been unwilling or unable to retain an expert to support his claim. Such a claim, if true, does not give rise to a federal question implicating the Constitution of the United States nor does it state a cause of action.

In his Fourth cause of action (Complaint Par. 4), Mr. Galland alleges that his rights to due process have been violated because he has been denied the right to sue. This claim fails, first because none of the defendants are "state actors" or persons acting under the color of state authority, and second because he has not been denied procedural due process; his malpractice case is still open.[14] Giving plaintiff's complaint the most liberal reading it fails to allege facts sufficient to establish that he was deprived of his constitutional rights to substantive and procedural due process and equal

---

[11] Mr. Galland brought his dental malpractice claim in the New York State Supreme Court pro se. He was never able to get a lawyer to represent him. In order to prosecute his claim to a conclusion he is required to retain an expert and serve disclosure in conformity with NY CPLR §3101 (d). The defense has been waiting for his expert disclosure for four years. Justice Tingling has been more than forgiving. His case can be resolved anytime he is ready to go to trial.

[12] There was no spoliation of evidence otherwise the defendants answers would have been stricken. In fact, Mr. Galland requested a copy of a panorex radiograph which was ultimately produced.

[13] His motion for spoliation of evidence in State Court was denied as the evidence was ultimately provided.

[14] There was never a stay of proceedings imposed by the court as alleged in the complaint and the only reason his case has not been resolved is because he cannot get an expert to testify on his behalf at trial.

protection (*Sonne v. Board of Trustees of Vil. of Suffern,*67 A.D.3d 192, 202–204 [2nd Dept. 2009])[15].

### b.      The complaint fails under FRCP Rule 8

Under FRCP Rule 8 a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's complaint contains neither.

### c.      Plaintiff's pleading is defective under *Twombly* and *Iqbal* in that he has failed to plead a plausible cause of action

The modern standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well settled:

> A trial court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the defendants' favor. To survive dismissal, a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level. In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the defendant pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Applying the plausibility standard is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Software for Moving, Inc. v. Frid,* 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010)

In his complaint plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Assuming all allegations contained in the complaint are to be true the complaint will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Here, plaintiff has failed to plead a cause of action that is legally plausible as no cause of action exists for any of the relief sought. There is no plausible claim set forth in the rambling diatribe that purports to be a complaint.

---

.[15] Mr. Galland's due process rights have not been violated because of the length of time it has taken to conclude his lawsuit. His lawsuit has dragged on because of his conduct. The defendants have been prepared to try the case for years. Apparently, Mr. Galland does not believe that the defendants should be entitled to due process, specifically the right to defend the case to a conclusion. In summary, there has been no "state action" that has deprived Mr. Galland of a protected right nor can he claim to have been deprived procedural due process under the 14th Amendment. The defendant's decision to defend the case and their lawyers' zealous representation does not deprive Mr. Galland of his right to procedural due process.

---

## LACK OF SUBJECT MATTER JURISDICTION: THE COMPLAINT DOES NOT INVOLVE A FEDERAL QUESTION

Plaintiff does not claim, nor does is it appear based on the facts set forth in the complaint, that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. The primary test for determining whether a civil action arises under the Constitution or laws of the United States for purposes of § 1331 requires (1) a substantial federal element and (2) such element being part of the plaintiff's "well-pleaded complaint." (*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 125 S. Ct. 2363, 2366 [2005]). Mr. Galland's state law claim for dental malpractice does not raise a federal question under *Grable.* Mr. Galland has not pleaded a cause of action involving or created by federal law. Simply stated, Mr. Galland's complaint fails the necessity test because his dental malpractice case does not "necessarily" depend on federal law.

Pursuant to 28 U.S.C. § 1331, federal courts also have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law either where federal law creates the cause of action – not involved here – or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), also not involved here.

Whether a case is one arising under the Constitution or a law or treaty of the United States is determined from plaintiff's own statements in his complaint. Here, no federal question is presented on the face of plaintiff's complaint. The fact that plaintiff's State claim is barred by the "absolute privilege" granted to statements made in the course of litigation does not involve a federal law or implicate the Constitution of the United States.

Lastly, and most respectfully, the fact that Mr. Galland is pro se does not forgive his failure to draft a pleading that states a plausible cause of action. He can be forgiven for not grasping the legal complexity of federal question jurisdiction. However, he is still required to state a claim for which relief can be granted by this court.

Based on the aforesaid, the defendants respectfully request permission to file a motion under Rule 12(b)[6] for dismissal of plaintiff's complaint.

Very truly yours,
LAW OFFICES OF CHARLES E. KUTNER[LLP]

*Charles E. Kutner*

Charles E. Kutner (CEK 8360)

*HON. RONNIE ABRAMS*                                                                 *Page 8*
*DISTRICT COURT JUDGE, SDNY*
*GALLAND v KUTNER ET AL 14 CV 0370*
*February 3, 2014*

---

Copy:            Claude Galland
                 166 W. 75th Street
                 New York, NY 10023

                 Henry Schwartz, Esq.
                 219 East 69th Street 11 B
                 New York, NY 10021