UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CLAUDE GALLAND,

                Plaintiff,

                -v-

CHARLES KUTNER, BRUCE FRIEDRICH,
and HENRY SCHWARTZ,

                Defendants.

------------------------------------------------------------X

No. 14 Civ. 0370 (RA)

OPINION AND ORDER

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 29 2014

RONNIE ABRAMS, United States District Judge:

*Pro se* Plaintiff Claude Galland brings this action against attorneys Charles Kutner, Bruce Friedrich, and Henry Schwartz ("Defendants"). Galland asserts claims based on Defendants' conduct in two previous cases in New York State Supreme Court. Defendants each filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the foregoing reasons, Defendants' motions to dismiss are granted.

## I. BACKGROUND

### A. Procedural History

#### 1. Galland's First State-Court Action

On November 1, 2007, Galland filed tort claims for dental malpractice against three dentists and their dental practices (the "Dental Defendants") in New York State Supreme Court. (Dkt. 31-12.) Defendant Friedrich represented one of the dentists, Dr. Leichtung, and his practice in that matter, and Defendant Schwartz represented a second dentist, Dr. Morton, as well as his

practice. (Friedrich Decl. ¶ 7; Schwartz Mem. of Law 2.) Defendant Kutner is a senior partner in the same firm as Friedrich, although Kutner was not involved in Galland's dental malpractice case. (Friedrich Decl. ¶¶ 3, 23.)

During the course of the first action, the state court entered several orders, which Galland references in his Federal complaint. On April 5, 2010, the court entered an order directing supervision of discovery (Dkt. 32-12), and on March 31, 2011, the court summarily denied a motion by Galland to strike the Dental Defendants' answers for spoliation of evidence, (Dkt. 32-14.) Galland also complains of a February 1, 2010 state-court order consolidating a small claims action with the larger, New York State Supreme Court dental malpractice action. (Dkt. 31-5; Compl. at 3.) Galland asserts that he filed the small claims action to send "a message of zero-tolerance and prevention from further lying to a Judge," after the Dental Defendants and their attorneys allegedly made several misrepresentations to the state-court judge presiding over the dental malpractice action. (Id.) In his Complaint, Galland also references "secret taped recordings" he considered "sufficient proof for his claim" that were purportedly admitted as evidence by the state court but never considered due to "profiteering-futile" motions by the Dental Defendants and their attorneys. (Id.)

On January 16, 2014, the state court granted summary judgment in favor of Dr. Morton. (Dkt. 32-1.) On April 10, 2014, approximately two months after Galland filed the current action, the state court granted summary judgment in favor of Dr. Leichtung, disposing of Galland's last remaining claim and closing the case. (Dkt. 31-4.) The third dentist and her practice settled with Galland and are not parties to the instant case. (Dkt. 31-4; Friedrich Decl. ¶¶ 8, 17.)

2

### 2. Galland's Second State-Court Action

In November 2013, Galland commenced a second lawsuit in Supreme Court, this time against Defendants Kutner and Schwartz as well as their clients. (Dkt. 31-11; Friedrich Decl. ¶ 9; Schwartz Mem. of Law 6.) He asserted claims for abuse of process, perjury, and fraud based on their allegedly improper conduct as attorneys in his first state-court action. (Dkt. 31-11.)

On December 31, 2013 and January 8, 2014, the defendants filed separate motions to dismiss for failure to state a claim arguing, *inter alia*, that under the New York common law doctrine of litigants' privilege ("New York's litigants' privilege") liability cannot be imposed for statements made during Galland's first state-court case. (Dkt. 31-13, 32-8.) Galland does not appear to have opposed either motion. On April 1, 2014, only two months after Galland filed his current action before this Court, the state court granted Schwartz's motion to dismiss in a summary order that did not enumerate the grounds for dismissal. (Dkt. 32-6.) On April 14, 2014, the state court granted Kutner's motion to dismiss "for the reasons stated in the motion." (Dkt. 32-7.) It is not clear on which individual grounds the state-court dismissals relied, only that Galland's complaint failed to state a claim upon which relief could be granted.

### 3. The Instant Action

Galland filed his Complaint in this Court on January 21, 2014, while Schwartz and Kutner's motions to dismiss the second action remained pending. On February 21, 2014, Defendants Friedrich and Kutner moved to dismiss Galland's Complaint for lack of subject matter jurisdiction and failure to state a claim (Dkt. 14), as did Defendant Schwartz in a separate motion filed on March 1, 2014, (Dkt. 20).

3

## II. APPLICABLE LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). In "considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint . . . [and] draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). "This rule applies with particular force where plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Indeed, "[w]here, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal citations, quotation marks, and brackets omitted).

## III. DISCUSSION

Galland's Complaint is often difficult to follow, and the legal basis upon which he seeks to sue unclear. Liberally construed, however, he appears to bring a constitutional challenge to New York's common law litigants' privilege, which insulates litigants from liability for otherwise defamatory statements made in the course of judicial proceedings. (Compl. 2-3.) See also Park Knoll Assocs. v. Schmidt, 59 N.Y.2d 205, 209-10 (1983) (describing New York's litigants' privilege); Aguirre v. Best Care Agency, Inc., 961 F. Supp. 2d 427, 456 (E.D.N.Y. 2013) (same). He argues this privilege violates Due Process and his right of access to the courts. (Compl. 2-5 ("The Federal question, in a nutshell, is a challenge to the attorneys' cloak of 'absolute privilege' which allows for the violations of the right of 'due process' and the 'right to sue'.").)

4

Much of the Complaint catalogues the allegedly improper consequences of New York's litigants' privilege and its purported operation in Galland's two state-court actions. For instance, Galland alleges that "[f]utile motions [filed by Defendants in the first state-court action], under the shield of '*absolute privilege*' defraud the insurance companies, congest indefinitely the Court procedures and rob the right for due process." (Compl. 4 (formatting in original).) He also alleges that Defendants and their clients engaged in "extreme misconducts" in the first state-court action and "insisted on going to trial" despite the state court's direction to settle, because "for unethical profiteering attorneys a trial is a windfall; in total disregard of the rights of other and pursued with the impunity guaranteed by the cloak of '*absolute privilege*'!" (Compl. 5.) He thus asks the Court to "acknowledge the defect of 'absolute privilege,' and set exceptions." (Pl.'s Opp. 1-2.)

Where, as here, the Court's subject matter jurisdiction under 28 U.S.C. § 1331 is the subject of Defendants' motions to dismiss, the test of jurisdiction is "whether the cause of action alleged is *so patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." Duke Power Co. v. Carolina Envtl. Study Grp., Inc., 438 U.S. 59, 70 (1978) (internal citations and quotations omitted) (emphasis in original).

Galland's challenge to New York's litigants' privilege on Fourteenth and First Amendments grounds is meritless, as each of the three Defendants he has elected to sue in this action is a private party. The law is clear that the "Fourteenth Amendment, and, through it, the First . . . do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" Cooper v. U.S. Postal Serv., 577 F.3d 479, 491 (2d Cir. 2009) (internal citations and quotations omitted). Galland does not contend otherwise, nor do his claims seem to fall within the narrow set of circumstances in which civil litigation between two private parties nevertheless

5

gives rise to state action. Whether in the First Amendment or Due Process contexts, those cases have imputed state action to the judicial application of statutory or common law only where such authority was actually exercised. See New York Times Co. v. Sullivan, 376 U.S. 254, 265 (1964) ("The test [for state action] is not the form in which state power has been applied but, whatever the form, whether such power has in fact been exercised."); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (holding, in a Due Process challenge to Virginia's prejudgment attachment procedures in civil cases, that conduct amounts to state action only where the alleged deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state.").

Here, Galland brought his claims to Federal court prior to the adjudication of Defendants Schwartz and Kutner's motions to dismiss. Moreover, the state court's summary orders disposing of these motions do not make it clear that New York's litigants' privilege actually provided a dispositive ground for dismissal. At best, Galland's suit before this Court was thus premature, coming as it did before any application of New York's litigants' privilege in his second state-court action. At worst, it fails to allege any state action at all and leaves Galland without standing to sue: if the state court did not in fact apply New York's litigants' privilege, there is no cognizable deprivation—constitutional or otherwise—of which to speak.

Indeed, without actual application of the challenged state law, that a private litigant merely availed himself of state civil court is insufficient to constitute state action. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 622 (1991) ("[P]rivate use of state-sanctioned private remedies or procedures does not rise, by itself, to the level of state action."). Because his complaint fails to allege any facts that might give rise to state action, Galland has not stated a claim under

either the Fourteenth or First Amendments and his complaint must be dismissed for lack of subject matter jurisdiction. See Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 139 (2d Cir. 2002) (upholding the district court's determination that Plaintiff's "due process argument failed to confer jurisdiction" where no state action was alleged).[1]

To the extent Galland's references to pre-trial discovery and spoliation of evidence rulings in his first action and Defendants' alleged misconduct throughout both state-court actions can be construed as distinct claims, they are claims rooted in state law. Thus, they are claims over which the Court "may decline to exercise supplemental jurisdiction," 28 U.S.C. § 1367(c), as "all claims over which [the Court] ha[d] original jurisdiction" have been dismissed, 28 U.S.C. § 1367(c)(3). Dismissal of remaining state-law claims is appropriate where, as here, the exercise of supplemental jurisdiction "would not promote the values . . . [of] economy, convenience, fairness, and comity." Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004). Dismissal of Galland's potential state-law claims is appropriate as they are largely redundant of those raised in his second state-court action, and deciding them on their merits would be duplicative, wasteful, and unfair to Defendants, who have already prevailed on the merits of analogous claims in state court.[2]

---

[1] Prior to the Supreme Court's decision in Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584 (2013), which categorically narrowed the scope of the Younger abstention doctrine, abstention in this case may well have been proper: Galland seeks injunctive relief, his state proceedings remained pending at the time he filed in Federal court, New York State has a strong interest in its common-law doctrine of litigants' privilege, and Galland could have raised his federal constitutional claims on appeal in state court. See, e.g. McKnight v. Middleton, 699 F.Supp.2d 507, 520-522 (E.D.N.Y. 2010); Sobel v. Prudenti, 12 CV 3258(DRH)(WDW), 2014 WL 2750364, *15 (E.D.N.Y. June 18, 2014) (noting the applicability of Younger even where the parties in state and federal court are different, insofar as the interests of the parties in both actions are "closely related.").

[2] These state-law claims—to the extent they mirror the claims brought by Galland in state court and can be construed as independent claims at all—may also be barred by the Rooker-Feldman doctrine, which guards against the impermissible exercise of appellate jurisdiction over state-court judgments—a jurisdictional authority Congress has reserved exclusively for the Supreme Court. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83-92 (2d Cir. 2005); Phillips v. City of New York, 453 F. Supp. 2d 690, 715 (S.D.N.Y. 2006) (applying Rooker-Feldman doctrine to a state family-court ruling even though the state proceedings were still ongoing, because "[s]tate court proceedings as to this issue ha[d] ended"). See also 28 U.S.C. § 1257.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted and Plaintiff's Complaint is dismissed in its entirety. Although a *pro se* party is generally afforded at least one opportunity to amend, amendment is not warranted where, as here, it would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Clerk of Court is respectfully requested to close the motions pending at docket numbers 14 and 20, and to close the case.

SO ORDERED.

Dated:    September 29, 2014
         New York, New York

Ronnie Abrams
United States District Judge

8